OPINION
{¶ 1} Defendant-appellant, David J. Ries, appeals the Judgment Entry of Sentence, rendered by the Portage County Court of Common Pleas, sentencing him to serve an aggregate prison term of thirty-one years, following the entry of a Guilty Plea to two counts of Rape, three counts of Sexual Battery, and two counts of Gross Sexual Imposition. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On November 8, 2007, Ries was indicted by the Portage County Grand Jury on six counts of Rape involving a victim less than ten years of age, felonies of the first degree in violation of R.C. 2907.02(A)(1)(b) and (B) and R.C. 2967.13(A)(5), and two counts of Rape involving a victim less than thirteen years of age, felonies of the first degree in violation of R.C. 2907.02(A)(1)(b) and (B).
 {¶ 3} On December 10, 2007, Ries was further indicted for the following: eight counts of Sexual Battery, felonies of the second degree in violation of R.C. 2907.03(A)(5) and (B); two counts of Attempted Rape, felonies of the second degree in violation of R.C. 2923.02, with Attempted Child Rape Specifications as provided for in R.C. 2941.1419; and two counts of Gross Sexual Imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4).
 {¶ 4} The charges arose from Ries' repeated sexual molestation of his stepchildren over a period of time between May 2000 and March 2007.
 {¶ 5} On June 5, 2008, Ries entered a Written Plea of Guilty to two counts of Rape, three counts of Sexual Battery, and two counts of Gross Sexual Imposition. The trial court entered a Nolle Prosequi on the remaining counts of the indictment.
 {¶ 6} On July 14, 2008, a sentencing hearing was held pursuant to R.C. 2929.19. Ries' parents and sister testified at the hearing on his behalf. Additional testimony, in the form of letters, was received from other persons on Ries' behalf as well as from the victims of his crimes. At the close of the hearing, the trial court sentenced Ries to prison terms of ten years for each count of Rape to be served consecutive with each other, seven years for each count of Sexual Battery to be served concurrently with each other, and four years for each count of Gross Sexual *Page 3 
Imposition to be served concurrently with each other. The court ordered the two ten-year sentences to be served consecutively with the concurrent seven-year sentences and with the concurrent four-year sentences, for an aggregate prison term of thirty one years.
 {¶ 7} On July 17, 2008, the trial court issued an Order and Journal Entry memorializing Ries' sentence. This appeal timely follows.
 {¶ 8} On appeal, Ries raises a single assignment of error: "The trial court abused its discretion by imposing maximum and consecutive terms of incarceration upon appellant."
 {¶ 9} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." State v. Kalish,120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 26.
 {¶ 10} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing ***." R.C. 2929.11(B). The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender *** and to punish the offender." R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the *Page 4 
offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.12(A).
 {¶ 11} Ries asserts that the thirty-one year prison sentence is not reasonable in that it exceeds what is necessary to serve the purposes of incapacitation, deterrence, or restitution. At the time of sentencing, Ries was forty-one years old and had no criminal record except a traffic ticket. As a child, Ries was molested by his maternal grandfather. Ries served in the Air Force with distinction for thirteen years as attested by letters written by his officers. In 1999, Ries received a medical discharge. Thereafter, Ries suffered from various physical and mental ailments, such as bi-polar, post traumatic stress syndrome, depression, and complex sympathetic dystrophy, and began receiving disability and Social Security payments. During this period of time, the time during which he was molesting his stepchildren, Ries claims to have been having uncontrollable flashbacks of the abuse he suffered as a child.
 {¶ 12} Ries maintains that a prolonged prison sentence will deprive him of the mental and physical care necessary for his rehabilitation. Therefore, the thirty-one year sentence is legally unreasonable. We disagree.
 {¶ 13} "[A] court that imposes a sentence *** upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code." R.C. 2929.12(A). Such discretion is plenary. The Ohio Supreme Court has stated that "[t]rial courts have full discretion to impose a prison sentence within the statutory range." State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at paragraph three of the syllabus; State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100;State v. Darby, *Page 5 
2008-L-088, 2008-Ohio-5945, at ¶ 14, citing State v. Holin,174 Ohio App.3d 1, 2007-Ohio-6255, at ¶ 34 ("[p]rovided that the sentencing court duly considers the appropriate sentencing factors, it has full discretion to impose a sentence within the statutory range") (citations omitted).
 {¶ 14} In the present case, Ries faced a potential maximum sentence of fifty-four years. The prosecutor opposed any exercise of leniency on Ries' behalf in light of the "disgusting" acts committed against the children. In particular, the prosecutor noted that Ries groomed one of the victims to be raped from an age at which she was not physically developed enough to engage in such acts. The prosecutor also noted there were multiple victims and the abuse continued for a period of seven years. The trial court also considered the harm caused by Ries' conduct as described by the victims.
 {¶ 15} The overriding purposes of felony sentencing are to protect the public and punish the offender. Rehabilitation of the offender is a consideration with respect to these two overriding purposes. It is not the sole or primary goal of sentencing. The trial court, in the exercise of its discretion, imposed a sentence that serves the overriding purposes of sentencing by effectively incapacitating the offender from committing further criminal acts. Moreover, the sentence imposed is "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim[s]," who will be affected for the remainder of their lives. R.C. 2929.11(B). Given the nature of Ries' conduct, the harm caused, and the circumstances in which his crimes were committed, the thirty-one year aggregate prison is not unreasonable, arbitrary, or unconscionable. Kalish, 2008-Ohio-4912, *Page 6 
at ¶ 19, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 ("[a]n abuse of discretion is `more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable'") (citation omitted).
 {¶ 16} The judgment of the Portage County Court of Common Pleas, sentencing Ries to an aggregate prison term of thirty-one years, is affirmed. Costs to be taxed against appellant.
MARY JANE TRAPP, P.J., concurs, COLLEEN MARY O'TOOLE, J., concurs in judgment only. *Page 1