[Cite as *State v. Green*, 2013-Ohio-2041.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-089** |
| DARRYL P. GREEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 10 CR 000579.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker*, 38109 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Darryl P. Green, appeals the Judgment Entry of Re-Sentence, issued by the Lake County Court of Common Pleas, sentencing him to serve four years in a state penal institution for Grand Theft, Burglary, and Receiving Stolen Property. The issue before this court is whether a trial court abuses its discretion for imposing a more-than-minimum prison sentence where none of the circumstances of the crimes justified the imposition of a sentence beyond the minimum sanctions. For the following reasons, we affirm the decision of the court below.

{¶2} On October 29, 2010, Green was indicted by the Lake County Grand Jury for Burglary, a felony of the second degree in violation of R.C. 2911.12(A)(2) (Count One); Grand Theft, a felony of the third degree in violation of R.C. 2913.02(A)(1) (Count Two); Receiving Stolen Property, a felony of the fourth degree in violation of R.C. 2913.51(A) (Count Three); Burglary, a felony of the second degree in violation of R.C. 2911.12(A)(2) (Count Four); Possessing Criminal Tools, a felony of the fifth degree in violation of R.C. 2923.24 (Count Five); and Petty Theft, a misdemeanor of the first degree in violation of R.C. 2913.02(A)(1) (Count Six).

{¶3} The first three Counts arose from the burglary of a Benelli Nova shot gun and Bushmaster rifle from the home of Brandon Franklin, located at 1762 Heather Road, Madison, Ohio, and carried firearm specifications pursuant to R.C. 2941.141. The last three Counts arose from the burglary of miscellaneous coins from the home of Angelo and Donna Vaccaro, located at 34102 Waldmer Drive, Eastlake, Ohio.

{¶4} Trial on the charges against Green was held between January 19 and January 21, 2011. The testimony given at trial is described in *State v. Green*, 11th Dist. No. 2011-L-037, 2012-Ohio-2355, ¶ 20-39.

{¶5} On January 25, 2011, the jury found Green guilty of all charges, except for the firearm specification to Count One (Burglary).

{¶6} On February 23, 2011, the trial court issued its written Judgment Entry of Sentence. The trial court imposed a two-year prison term for Count One (Burglary); a one-year prison term for Count Two (Grand Theft); a six-month prison term for Count Three (Receiving Stolen Property); a two-year prison term for Count Four (Burglary); a six-month prison term for Count Five (Possessing Criminal Tools); and a ninety-day prison term for Count Six (Petty Theft). All sentences were ordered to be served

2

concurrently with each other, except for the one-year prison sentence for Count Two (Grand Theft), which was required, pursuant to former R.C. 2929.14(E)(3), to be served consecutive to the other sentences, for an aggregate prison term of three years. Additionally, the court imposed a mandatory, consecutive one-year prison term for the firearm specification, pursuant to R.C. 2929.14(B)(1)(a)(iii), for an aggregate prison term of four years. The court ordered Green to pay restitution to the Vacarros in the amount of $50 and to Franklin in the amount of $1,326. The court advised Green that he would be subject to three years of post-release control following his release from prison.

{¶7}   On April 1, 2011, Green appealed his convictions and sentence.

{¶8}   On May 29, 2012, this court issued its decision in *Green*, 2012-Ohio-2355. Green's convictions were affirmed. Green's sentence was reversed, on the grounds that Counts One and Two (Burglary and Grand Theft), and that Counts Four, Five, and Six (Burglary, Possessing Criminal Tools, and Petty Theft), were allied offenses that should have merged pursuant to R.C. 2941.25(A). The case was remanded for a new sentencing hearing at which the State had to elect which allied offenses it would pursue against Green.

{¶9}   On July 2 and 3, 2012, the trial court held resentencing hearings, at which the State elected to have Count One (Burglary) merge into Count Two (Grand Theft), and Counts Five (Possessing Criminal Tools) and Six (Petty Theft) merge into Count Four (Burglary) for purposes of sentencing. The court sentenced Green to serve a one-year prison term for Count Two (Grand Theft), a six-month prison term for Count Three (Receiving Stolen Property), and a two-year prison term for Count Four (Burglary). The sentences imposed for Counts Two and Four were to be served consecutively to each other, but concurrently to the sentence for Count Three, pursuant to R.C. 2929.14(C)(3)

3

("[i]f a prison term is imposed for * * * a violation of division (A) of section 2913.02 of the Revised Code [Grand Theft] in which the stolen property is a firearm or dangerous ordnance, * * * the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender"). Additionally, the court imposed a mandatory, consecutive one-year prison term for the firearm specification, pursuant to R.C. 2929.14(B)(1)(a)(iii), for an aggregate prison term of four years. The court ordered Green to pay restitution to the Vacarros in the amount of $50, and to Franklin in the amount of $1,326. The court advised Green that he would be subject to three years of post-release control following his release from prison.

{¶10} On July 6, 2012, the trial court issued its written Judgment Entry of Re-Sentence.

{¶11} On August 6, 2012, Green filed his Notice of Appeal. On appeal, Green raises the following assignment of error:

{¶12} "[1.] The trial court erred by sentencing the defendant-appellant to a term of imprisonment where its findings were not supported by the record."

{¶13} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

**{¶14}** The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶15}** It is well-recognized that a sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The Ohio Supreme Court has described a sentencing court's discretion as "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus; *State v. Ries*, 11th Dist. No. 2008-P-0064, 2009-Ohio-1316, ¶ 13 ("[s]uch discretion is plenary"). "[T]he trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34 (11th Dist).

**{¶16}** Green does not contend that his sentence is contrary to law. Rather, Green argues that the trial court failed to use the "minimum sanctions" to accomplish the purposes of felony sentencing. Although Green received the minimum sentence for Counts Three (Receiving Stolen Property) and Four (Burglary), he received a one-year sentence for Count Two (Grand Theft), a third-degree felony for which the minimum sentence is nine months. R.C. 2929.14(A)(3)(b). Green also maintains that the court's

5

consideration of the seriousness and recidivism factors do not reflect careful and substantial deliberation.

{¶17} The trial court noted the victims' "serious psychological harm, and also economic harm and loss." R.C. 2929.12(B)(2). Green maintains the record does not reflect any particular psychological harm and minimal economic harm, as indicated by the restitution orders of $1,326 and $50. The court noted Green's relationship with the victims - Franklin was Green's friend and the Vaccaros were his girlfriend's uncle and aunt - facilitated the commission of the offense. R.C. 2929.12(B)(6). Green counters that his relationship with the victims was incidental and that they were not disadvantaged by the relationship as, for example, in the case of a caregiver committing a crime against his charge. The court also noted that Green acted as part of organized criminal activity, in that a co-defendant was involved. R.C. 2929.12(B)(7). Again, Green counters that the court's interpretation of an organized criminal activity as applying to any situation involving a co-defendant is unreasonably expansive.

{¶18} Regardless of whether the trial court's interpretation of the aggravating factors was expansive, the sentence imposed did not constitute an abuse of discretion. As noted above, a sentencing court is required to consider the statutory seriousness and recidivism factors, but is not otherwise constrained as to how it weighs and applies the factors. Ultimately, it is the defendant's sentence, rather than the court's application of the statutory factors, that is reviewed for abuse of discretion.

{¶19} In the present case, the trial court imposed the minimum sentence for all charges except for Grand Theft (of Franklin's shot gun and rifle), for which the court imposed a sentence three months above the minimum, but well below the maximum sentence of thirty-six months. We note that the commission of this offense did involve

6

more persons than Green's co-defendant, in that Green disposed of the weapons by selling them to third parties, and that it was through Green's friendship with the victim that he knew of the weapons' existence and location.

{¶20} The sole assignment of error is without merit.

{¶21} For the foregoing reasons, the Judgment of the Lake County Court of Common Pleas, sentencing Green to an aggregate four-year term of imprisonment, is affirmed.    Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.