[Cite as *State v. O'Neil*, 2014-Ohio-1359.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2013-L-068 |
| PATRICK S. O'NEIL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000692.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Patrick S. O'Neil, appeals from the judgment of the Lake County Court of Common Pleas sentencing him to a 36-month term of imprisonment after his plea of guilty to felony-three attempted felonious assault. We affirm.

{¶2} Appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, after he repeatedly struck another

man in the head with his fists while in a Willoughby bar. Appellant later entered a plea of guilty to attempted felonious assault, a felony of the third degree, in violation o R.C. 2923.02(A) and R.C. 2903.11(A)(1). The trial court sentenced appellant to the maximum prison sentence 36 months and ordered him to pay $9,440.20 in restitution. Appellant appeals and assigns the following error:

{¶3} "The trial court erred by sentencing the defendant-appellant to a maximum thirty-six month prison sentence."

{¶4} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26.

{¶5} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶6} It is well-recognized that a sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). And the Ohio Supreme Court has observed a sentencing court has "full

2

discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus; *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13 ("[s]uch discretion is plenary"). Moreover, "the trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, ¶34, (11th Dist.).

{¶7} Appellant does not argue his sentence was contrary to law; rather, he contends the trial court abused its discretion when it ordered the maximum sentence because it failed to give careful and substantial deliberation to the relevant statutory sentencing factors. First, appellant argues his statements in allocution provided a strong foundation for a lesser sentence. In particular, appellant underscores that he beat the victim because he felt threatened for his life. He maintains the victim threatened to cut his throat with a knife and, as a result, his assault was an act of self-defense. Appellant asserts the trial court failed to properly weigh his statements in mitigation and therefore erred in imposing the maximum sentence. We do not agree.

{¶8} Appellant, during his allocution, claimed he assaulted the victim based upon a purported threat the victim cast at him. Because the statement occurred during allocution, the statement was offered merely to mitigate the severity of his actions in the eyes of the court. A video of the assault was played, which depicted the fight, during which appellant struck the victim 12 times in six seconds. Several minutes after the fight, the bartender retrieved an object, which appellant asserted was a closed, apparent lock-blade knife from the bar's floor. Defense counsel asserted the recovery of the knife supported appellant's explanation.

3

{¶9} Given appellant's rendition of events and defense counsel's argument, the court asked appellant if he wished to withdraw his plea and try the matter to a jury. A recess was taken to discuss the possibility of appellant withdrawing the plea. Appellant ultimately determined he did not wish to withdraw his plea. The court subsequently observed that it was not a fact finder for purposes of trying the merits of the alleged defense. Given this point, the court noted the knife was folded and had not been obviously brandished in the video. Hence, the court determined appellant's statement regarding self-defense did not weigh heavily in mitigation.

{¶10} It is clear the court critically considered and gave substantial deliberation to appellant's assertion that his actions were prompted by what he perceived as a threat. Simply because appellant advanced an explanation of events that, if true, might absolve him of legal blame does not imply the court was required to accept the rendition appellant offered. This is especially true where the video evidence failed to overtly indicate threatening behavior on the part of the victim.

{¶11} A sentencing court may determine the weight afforded to relevant mitigation evidence. *See e.g. State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, ¶65. In this case, it is clear the court considered appellant's explanation and assessed its persuasiveness against the video evidence. Given the circumstances, however, the court found appellant's explanation did not militate in favor of a lesser sentence. We discern no abuse of discretion in the manner the court handled this issue.

{¶12} Appellant further argues the trial court failed to give due consideration to his mental health issues. The record reveals that, at one point, appellant was diagnosed with post-traumatic stress disorder ("PTSD") in 1991. This diagnosis

4

followed appellant's conviction for negligent homicide in the death of his younger brother.[1] Appellant further asserts the court simply dismissed evidence of appellant's apparent drug and alcohol addictions. In appellant's view, these points were factors that influenced his behavior on the night of the incident and, viewed as a whole, weighed in favor of a lesser sentence. We do not agree.

{¶13} The record demonstrates that, in addition to a purported PTSD diagnosis, appellant had an axis 2 diagnosis of anti-social personality disorder. The court also heard evidence relating to appellant's lengthy criminal record, which included a theft conviction, a vandalism conviction, two disorderly conduct convictions, a criminal trespass conviction, a complicity to breaking and entering conviction, and seven contempt-of-court convictions. The record also revealed appellant had committed a vast array of traffic offenses, which included three OVIs and 13 citations for driving without an operator's license.

{¶14} Moreover, while appellant was on bond for the underlying offense, he was charged with disorderly conduct for apparently acting belligerently at a bar. Appellant also failed to report for his pre-sentence investigation interview. He eventually reported to the probation department without an appointment at which time he brought fake urine in order to pass his drug test. When appellant's actual urine was analyzed, the results revealed a positive test form marijuana and cocaine.

{¶15} In light of the foregoing, the trial court determined the maximum three-year term of imprisonment was appropriate. In drawing this conclusion, the court observed:

---

1. The record indicates appellant dropped a loaded firearm which discharged killing his younger brother.

{¶16} I've reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on society and the victim, and to be consistent with sentences imposed for similar crimes committed by similar offenders. In using my discretion to determine the most effective way to comply with the purposes and principles of sentencing, I have considered all relevant factors including the seriousness and recidivism factors set forth in 2929.12 of the Revised Code. In addition to what's been mentioned, the Court notes that the pre-sentence report to the extent completed, at least in, from the May 2nd, 2007 report shows an LSI score of 34, which is intensive supervision. I don't have one for the current situation because the Defendant did not cooperate with the probation department. Also note that the psychological shows an axis 2 diagnosis of anti-social personality disorder, and also a poor prognosis. The court believes that a prison sentence is needed to protect the public from future crime by this offender. The Court believes that a minimum sentence would demean the seriousness of this offender's conduct. In fact, the Court believes that the Defendant poses the greatest likelihood of recidivism. And since we're talking about an attempt felonious assault, the offender

committed the worst form of this offense, landing 12 repeated blows in 6 seconds.

{¶17} In light of the foregoing, it is clear the court gave substantial and careful deliberation to the relevant statutory factors when it imposed appellant's sentence. We therefore conclude that, notwithstanding appellant's PTSD and his issues with addictions, appellant's significant criminal record, the aggressive and violent nature of the underlying crime, and appellant's anti-social-personality-disorder diagnosis, together, provide more than a sound basis for the trial court's judgment. Thus, the trial court did not abuse its discretion when it imposed the maximum sentence.

{¶18} Appellant's assignment of error lacks merit.

{¶19} For the reasons stated in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.