[Cite as *State v. Starr*, 2016-Ohio-2689.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                              :         **O P I N I O N**

        Plaintiff-Appellee,                :

        - vs -                                   :         **CASE NO. 2015-L-113**

WILLIAM V. STARR, III,                   :

        Defendant-Appellant.          :


Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 14 CR 000968.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}   Appellant, William V. Starr, III, appeals the judgment of the Lake County Court of Common Pleas sentencing appellant to four years in prison, to be served consecutive to an 18-month sentence from Cuyahoga County.  Based on the following, we affirm.

{¶2} Appellant pled guilty to one count of Attempted Felonious Assault, a felony of the third degree, in violation of R.C. 2923.02(A) and 2903.11(A)(1), and Obstructing Official Business, a felony of the fourth degree, in violation of R.C. 2921.31, stemming from an incident that occurred on December 13, 2014.

{¶3} The trial court sentenced appellant to a jointly-recommended sentence of four years in prison: 36 months on the Attempted Felonious Assault count and 12 months on the Obstructing Official Business count.

{¶4} Appellant requested this term of imprisonment to run concurrent to an 18-month prison term he was serving from Cuyahoga County Court of Common Pleas, but the trial court ran the sentence consecutive to the Cuyahoga County sentence.[1]

{¶5} Appellant appealed and as his sole assignment of error alleges:

{¶6} "The trial court erred by sentencing the defendant-appellant to a prison sentence consecutive to a sentence from a different county."

{¶7} Ohio's felony-sentencing scheme allows judges to exercise discretion within established statutory bounds. *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Despite having significant latitude, sentencing courts are required to follow statutory direction in choosing a prison term. *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, ¶10 (Lanzinger, J., dissenting).

{¶8} R.C. 2953.08(G) governs felony sentencing issues on appeal and provides:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings

---

1. Appellant pled guilty to Case Number CR14582895A, charges of Gross Sexual Imposition and Abduction in November 2014 and was sentenced in January 2015.

underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} On appeal, appellant argues the trial court erred in ordering his sentence to run consecutive to the sentence he was serving from Cuyahoga County. Because we find the trial court satisfied the requisite R.C. 2929.14(C)(4) findings, we disagree.

{¶10} R.C. 2929.41, which governs the imposition of multiple sentences, provides, in pertinent part: "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment *shall be served concurrently* with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]" R.C. 2929.41(A) (emphasis added). R.C. 2929.14(C)(4) provides that a trial court may require an offender to serve consecutive prison terms if it finds

that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

3

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} Although a trial court must make the statutory findings to support its decision to impose consecutive cases, it has no obligation to set forth its reasons to support its findings as long as they are discernible in the record. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28-29; *State v. Jenkins*, 8th Dist. Cuyahoga No. 101899, 2015-Ohio-2762, ¶9. Failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate them into the judgment entry of sentence renders the sentence contrary to law. *Bonnell* at ¶37.

{¶12} Here, the trial court found that consecutive sentences were warranted, stating:

> So based on the record here I find that Mr. Starr is not amenable to community control and therefore on amended Count 1 I'm imposing a sentence of 36 months at the Lorain Correctional Institution. On Count 2, I'm imposing a sentence of 12 months at the Lorain Correctional Institution consecutive to the term in Count 1 and * * * the sentence in this case shall be consecutive to the Cuyahoga County case which is CR14582895A.
>
> I find that in addition to the arguments of counsel that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public because one of the big concerns here is in the last 20 months the propensity for violence that Mr. Starr has exhibited as I said earlier * * * this offense which occurred in December of [2014] occurred while, after Mr. Starr plead guilty in Cuyahoga County but had not yet been sentenced in

4

Cuyahoga County, plead guilty in November of [2014] and was sentenced in January of [2015] so this occurred smack in the middle of him awaiting sentencing. I find that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶13} Based on a review of the record, we find the trial court satisfied the requisite R.C. 2929.14(C)(4) findings in this case both at the sentencing hearing and in its entry, and its findings are supported by the record.

{¶14} Appellant's sole assignment of error is without merit.

{¶15} The decision of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

5