[Cite as *State v. Adams*, 2016-Ohio-3119.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0041** |
| SIRTRUCE A. BENDER ADAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 13 C 000115.

Judgment: Modified and affirmed as modified.

*James R. Flaiz*, Geauga County Prosecutor, and *Jennifer A. Driscoll*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, Buchanan Law, Inc., 12 East Exchange Street, 5th Floor, Akron, OH 44308 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Sirtruce A. Bender Adams, appeals the judgment of the Geauga County Court of Common Pleas sentencing him to an aggregate term of three years imprisonment. For the reasons that follow, we modify the judgment of the trial court and affirm as modified.

{¶2} Appellant entered a plea of guilty to Count 1, Criminal Trespass, in violation of R.C. 2911.21, a misdemeanor of the fourth degree; Count 2, Grand Theft of

a Motor Vehicle, in violation of R.C. 2913.02(A)(1)(B)(5), a felony of the fourth degree; Count 6, Breaking and Entering, a violation of R.C. 2911.13(B), a felony of the fifth degree; and Count 7, Theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1). The remaining counts were dismissed.

{¶3} The trial court sentenced appellant to 180 days incarceration on Count 1, to be served concurrently to 18 months imprisonment on Count 2; nine months imprisonment on Count 6; and nine months imprisonment on Count 7. The trial court ordered Counts 2, 6, and 7 to be served consecutively, for a total term of three years incarceration.

{¶4} Appellant filed a timely appeal and, as his sole assignment of error, alleges:

{¶5} "The trial court imposed a sentence contrary to law."

{¶6} At the outset, we note that appellant has failed to set forth the proper standard for felony sentencing, citing to *State v. Kalish*, 120 Ohio St.3d 23 (2008). "[A]n appellate court need not apply the test set out by the plurality in [*Kalish*]. *State v. Marcum*, Sup.Ct. Nos. 2014-1825 & 2014-2122, 2016-Ohio-1002, ¶1. Further, some of the arguments advanced by appellant are less than clear. In the interest of justice, however, we will attempt to construe appellant's assigned error.

{¶7} Ohio's felony-sentencing scheme allows judges to exercise discretion within established statutory bounds. *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Despite having significant latitude, sentencing courts

2

are required to follow statutory direction in choosing a prison term. *State v. Belew*, 140

Ohio St.3d 221, 2014-Ohio-2964, ¶10 (Lanzinger, J., dissenting).

{¶8} "R.C. 2953.08 specifically and comprehensively defines the parameters

and standards—including the standard of review—for felony-sentencing appeals."

*Marcum*, *supra*, at ¶21.  R.C. 2953.08(G) provides:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**Consecutive Sentences**

{¶9} We first address appellant's contention that the trial court erred in ordering

Counts 2, 6, and 7 to be served consecutively.

{¶10} R.C. 2929.41, which governs multiple sentences, provides, in pertinent

part: "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term, jail

term, or sentence of imprisonment *shall be served concurrently* with any other prison

term, jail term, or sentence of imprisonment imposed by a court of this state[.]"  R.C.

2929.41(A) (emphasis added). R.C. 2929.14(C)(4) provides that a trial court may require an offender to serve consecutive prison terms if it finds

> that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} Although a trial court must make the statutory findings to support its decision to impose consecutive sentences, it has no obligation to set forth its reasons to support its findings as long as they are discernible in the record. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28-29; *State v. Jenkins*, 8th Dist. Cuyahoga No. 101899, 2015-Ohio-2762, ¶9. Failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate them into the judgment entry of sentence renders the sentence contrary to law. *Bonnell* at ¶37.

{¶12} Based on a review of the record, we find the trial court satisfied the requisite R.C. 2929.14(C)(4) findings in this case both at the sentencing hearing and in

4

its entry. Specifically, the trial court found the following: consecutive sentences are necessary to protect the public from future crime and to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; appellant committed one or more of the offenses while under a sanction, i.e., Bedford Municipal Court probation; at least two of the multiple offenses were committed as one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Accordingly, the trial court made the requisite findings warranting the imposition of a consecutive sentence in this case, and its findings are supported by the record. Thus, this argument is not well taken.

**R.C. 2929.11 and 2929.12**

{¶13} Although appellant does not advance such an argument, we consider whether the trial court considered R.C. 2929.11 and R.C. 2929.12. A felony sentence should be reasonably calculated "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a felony sentence is required to consider seriousness and recidivism factors found in R.C. 2929.12. However, it is well established that a trial court is "not required to make

findings of fact under the seriousness and recidivism factors in R.C. 2929.12." *State v. ONeil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34.

{¶14} Our review of the trial court record reveals the trial court considered the purposes and factors of felony sentencing in R.C. 2929.11 and R.C. 2929.12 and specifically stated such in the judgment of sentence.

**Misdemeanor Sentence**

{¶15} Next, we address appellant's argument that the trial court erred in sentencing appellant to a 180-day term of imprisonment on a fourth-degree misdemeanor. Appellee maintains the error is harmless because the misdemeanor sentence is to be served concurrently with the felony sentence and thus has no impact on his overall sentence.

{¶16} We agree that appellant's misdemeanor sentence shall be served concurrently with a "prison term or sentence of imprisonment for felony served in a state or federal correctional institution." R.C. 2929.41(A). R.C. 2929.24(A)(4), however, provides for not more than a 30-day term of imprisonment on a misdemeanor of the fourth degree. Therefore, appellant's sentence of 180 days on a fourth-degree misdemeanor was clearly and convincingly contrary to law.

{¶17} Appellant's assignment of error has merit to the extent indicated. The judgment of the trial court with regard to appellant's sentence on Counts 2, 6, and 7 is hereby affirmed. With respect to Count 1, Criminal Trespass, a misdemeanor of the fourth degree, the judgment of the trial court is modified to reflect that appellant is sentenced to 30 days, to run concurrently with Counts 2, 6, and 7, for a total term of

three years.  Thereafter, the judgment of the trial court regarding appellant's conviction and sentence is affirmed as modified.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.