[Cite as *State v. Oringer*, 2016-Ohio-5009.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


| STATE OF OHIO, | : | **O P I N I O N** |
|---|---|---|
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2016-P-0002 2016-P-0003 |
| BRANDEN D. ORINGER, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals from the Portage County Court of Common Pleas.
Case Nos. 2014 CR 00437 & 2015 CR 00532.

Judgment: Reversed and remanded.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Carolyn K. Mulligan*, 9442 State Route 43, Streetsboro, OH 44241 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Branden D. Oringer, appeals the judgment of the Portage County Court of Common Pleas, sentencing him to an aggregate term of six and one-half years imprisonment. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

{¶2} Appellant entered a written and oral plea of guilty in case No. 2014 CR 0437 on one count of unlawful sexual conduct with a minor, a felony of the fourth

degree, in violation of R.C. 2907.04, and in case No. 2015 CR 0532 on one count of sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(1). Appellant was sentenced to 60 months imprisonment on the third-degree felony and 18 months on the fourth-degree felony, to be served consecutively. Appellant was also labeled a Tier III sex offender.

**{¶3}** Appellant filed an appeal and asserts the following assignment of error:

**{¶4}** "The trial court's imposition [of] consecutive sentences upon defendant-appellant, Branden D. Oringer, was contrary to law when the court failed to make all statutorily mandated findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing."

**{¶5}** Ohio's felony-sentencing scheme allows judges to exercise discretion within established statutory bounds. *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Despite having significant latitude, sentencing courts are required to follow statutory direction in choosing a prison term. *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, ¶10 (Lanzinger, J., dissenting).

**{¶6}** "R.C. 2953.08 specifically and comprehensively defines the parameters and standards – including the standard of review – for felony-sentencing appeals." *State v. Marcum*, Sup. Ct. Nos. 2014-1825 & 2014-2122, 2016-Ohio-1002, ¶21. R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7} R.C. 2929.41, which governs multiple sentences, provides, in pertinent part: "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment *shall be served concurrently* with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]" R.C. 2929.41(A) (emphasis added). R.C. 2929.14(C)(4) provides that a trial court may require an offender to serve consecutive prison terms if it finds

that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct,

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

3

**{¶8}** Although a trial court must make the statutory findings to support its decision to impose consecutive cases, it has no obligation to set forth its reasons to support its findings as long as they are discernible in the record. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28-29; *State v. Jenkins*, 8th Dist. Cuyahoga No. 101899, 2015-Ohio-2762, ¶9. Failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate them into the judgment entry of sentence renders the sentence contrary to law. *Bonnell*, *supra*, at ¶37.

**{¶9}** Here, the trial court satisfied the requisite R.C. 2929.14(C)(4) findings in its sentencing entry. In the entry, the trial court "finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public. The Court also finds the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant." Therefore, in the sentencing entry, the findings from the first paragraph of (C)(4) were made, and also the finding of (C)(4)(c).

**{¶10}** However, during the sentencing hearing, the trial court failed to make the requisite findings, stating only: "It is clear that there is a course of conduct that was committed by this Defendant, it's a pattern of behavior. To protect the public and the victims from future crimes by the Defendant, consecutive sentences are warranted." The trial court's findings, however, are incomplete. The trial court, while finding that consecutive sentences are necessary to protect the public and victims from future crimes, failed to find that "consecutive sentences are not disproportionate to the

4

seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). In the sentencing entry, the trial court did make a finding that relates to R.C. 2929.14(C)(4)(c). However, that was not stated at the hearing.

{¶11} Accordingly, the trial court failed to make the requisite findings at the sentencing hearing allowing for imposition of a consecutive sentence. Appellant's assignment of error has merit.

{¶12} Based on the opinion of this court, the judgment of the Portage County Court of Common Pleas, is hereby reversed and remanded for proceedings consistent with this opinion.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.