[Cite as *Morrison v. Morrison*, 2020-Ohio-4358.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DESIREE MORRISON, | : | **O P I N I O N** |
| Petitioner-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-G-0233** |
| RICK MORRISON, | : | |
| Respondent-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2019 DV 000315.

Judgment:  Affirmed.

*Desiree Morrison,* 13006 Meadowwood Drive, Chardon, Ohio 44024 (Petitioner-Appellee).

*Joseph A. Stafford,* and *Nicole A. Cruz,* Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, Ohio 44114 (For Respondent-Appellant).


THOMAS R. WRIGHT, J.

{¶1}    Appellant, Rick Morrison, and appellee, Desiree Morrison, were married but living separate.  Appellee petitioned for and was granted a Domestic Violence Civil Protection Order after an evidentiary hearing.

{¶2}    Appellant and appellee were on the same road driving in opposite directions when appellant swerved left of center into appellee's lane.  He drove close enough to her vehicle that she felt the need to move to the right side of her lane.

{¶3} Two days before, appellant, in a social media post, stated that he was going to snap one day. The post, coupled with the traffic incident, made appellee nervous, confused, and worried about appellant's stability.

{¶4} Appellant testified that he had swerved toward appellee a hundred other times while traveling in opposite directions as mere acknowledgment with no ill intent.

{¶5} In appealing the issuance of the civil protection order, appellant assigns the following as error:

{¶6} "The trial court's discretion granting the appellee's petition for a DVCPO is against the manifest weight of the evidence."

{¶7} "To grant a DVCPO, 'the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or petitioner's family or household members are in danger of domestic violence.' *Felton v. Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672 (1997), paragraph two of the syllabus." *Sanchez v. Sanchez*, 1st Dist. Hamilton No. C-150441, 2016-Ohio-4933, ¶ 16.

{¶8} "(1) 'Domestic violence' means any of the following:

{¶9} "(a) The occurrence of one or more of the following acts against a family or household member:

{¶10} "* * *

{¶11} "(ii) Placing another person by the threat of force in fear of imminent serious physical harm * * *." R.C. 3113.31(A).

{¶12} A challenge to the manifest weight of the evidence requires this court to review the evidence presented, "including the reasonable inferences and the credibility of the witnesses, to determine whether the trier of fact clearly lost its way and created such

2

a manifest miscarriage of justice that the decision must be reversed." *Chandler v. Chandler*, 11th Dist. Trumbull No. 2016-T-0046, 2017-Ohio-710, ¶ 13, citing, inter alia, *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, ¶ 20. In weighing the evidence, we are always mindful of the presumption in favor of the finder of fact. *Eastley*, at ¶ 21.

{¶13} The weight to be given evidence and witness credibility are primarily for the trier of fact to resolve. *State v. Baker*, 2d Dist. Montgomery No. 25828, 2014-Ohio-3163, ¶ 28. The trier of fact is free to believe all, part, or none of a witness's testimony. *Id*. Appellant has failed to demonstrate that the trial court lost its way as it could reasonably conclude that appellant's explanation as to why he swerved across the centerline is not believable. And, evidence supports the inference that by driving into appellee's lane, appellant used his vehicle as a threat of force placing her in fear of imminent serious physical harm. R.C. 3113.31(A)(1)(ii); *Felton; Sanchez.*

{¶14} The trial court's judgment is not against the manifest weight of the evidence. Appellant's sole assignment is without merit, and the judgment is affirmed.

TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.

3