OPINION
{¶ 1} Appellant, Brian T. Holt, and appellee, Heather J. Holt, were divorced on August 12, 1999. They are the parents of three minor children. At the time of their divorce, the parties entered into a shared parenting agreement and appellant was ordered to pay $1,000 per month child support. Appellee was designated residential parent and appellant was designated non-residential parent.
 {¶ 2} On March 1, 2001, appellant filed a motion to show cause asking the court to, among other things, modify the parties shared parenting agreement to reflect changes agreed to by the parties on or about April 1, 2001, whereby the parties' children resided with appellant and appellee equally, and to modify appellant's child support obligation.
 {¶ 3} On June 19, 2002, the parties read their shared parenting agreement into the record. On July 26, 2002, the magistrate entered a decision adopting the parties' shared parenting plan, designating both parties residential parents pursuant to R.C. 3109.04(K)(6), and modifying appellant's child support obligation to $1,200 per month.
 {¶ 4} Appellant and appellee filed objections to the magistrate's decision. The trial court adopted the magistrate's decision on September 18, 2002. On April 18, 2003, the trial court entered a nunc pro tunc judgment that incorporated a standard order of visitation for holidays and special days. Appellee was designated residential parent for purposes of the standard order of visitation.
 {¶ 5} Appellant filed a timely appeal of the trial court's judgment raising two assignments of error:
 {¶ 6} "[1.] The trial court erred as a matter of law and abused its discretion [by] failing to issue a downward deviation for child support.
 {¶ 7} "[2.] The trial court erred as a matter of law and abused its discretion when it unilaterally disregarded the parties' in-court shared parenting agreement and added language to the parties' shared parenting plan which was not part of the in-court agreement."
 {¶ 8} While this appeal was pending, we remanded this matter to the lower court for the resolution of various motions. On September 23, 2003, the trial court entered an order reflecting an agreement between the parties as to custody. This order sets forth a holiday visitation schedule. On May 14, 2004, the trial court adopted a magistrate's decision and set forth an alternating weekend visitation schedule. Because the September 23, 2003 order sets forth a holiday visitation schedule as agreed by the parties, appellant's second assignment of error moot.
 {¶ 9} In his first assignment of error appellant argues the trial court abused its discretion in denying his request for a downward deviation of his child support obligation. Appellant contends that the trial court should have ordered such a deviation based on the parties' respective parenting times. We disagree.
 {¶ 10} R.C. 3119.23 sets forth factors the trial court may consider to determine if it should order a deviation.[1] In the instant case, the trial court found that appellant's increased parenting time was not so great as to warrant a deviation. The court also found that, due to appellee's financial condition and the age of the children, a downward deviation was not appropriate.
 {¶ 11} While it appears the modification of the shared parenting agreement increased appellant's parenting time we cannot say the trial court abused its discretion when it determined that this increase was not so great as to warrant a deviation. Further, the record reveals that appellant's income was significantly greater than appellee's. R.C. 3119.23(G). Thus, we cannot say that the trial court abused its discretion in denying appellant's request for a downward deviation. Appellant's first assignment of error is without merit.
 {¶ 12} For the foregoing reasons the judgment of the Trumbull County Common Pleas Court, Domestic Relations Division, is affirmed.
Christley, J., concurs.
Grendell, J., dissents.
[1] This section provides:
{¶ a} "(A) Special and unusual needs of the children;
{¶ b} "(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
{¶ c} "(C) Other court-ordered payments;
{¶ d} "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
{¶ e} "(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
{¶ f} "(F) The financial resources and the earning ability of the child;
{¶ g} "(G) Disparity in income between parties or households;
{¶ h} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
{¶ i} "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
{¶ j} "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
{¶ k} "(K) The relative financial resources, other assets and resources, and needs of each parent;
{¶ l} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
{¶ m} "(M) The physical and emotional condition and needs of the child;
{¶ n} "(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
{¶ o} "(O) The responsibility of each parent for the support of others;
{¶ p} "(P) Any other relevant factor.
{¶ q} "The court may accept an agreement of the parents that assigns a monetary value to any of the factors and criteria listed in this section that are applicable to their situation.
{¶ r} "If the court grants a deviation based on division (P) of this section, it shall specifically state in the order the facts that are the basis for the deviation."