[Cite as *State v. Perry*, 2014-Ohio-5616.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-043** |
| KYLE J. PERRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 10 CR 000730

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, P.O. Box 148, Mentor, OH 44061 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Kyle J. Perry, appeals the March 26, 2014 judgment entry issued by the Lake County Court of Common Pleas, which resentenced appellant following remand from this court. For the following reasons, we affirm the judgment of the trial court.

{¶2} Following a jury trial, appellant was found guilty of multiple offenses relating to a series of burglaries and weapons possession. In addition to the numerous

burglary charges, appellant was convicted of engaging in a pattern of corrupt activity, a first-degree felony in violation of R.C. 2923.32(A)(1) ("Count 14"). On August 19, 2011, appellant was sentenced to a cumulative total of 21 years imprisonment; 9 of those years were imposed on Count 14.

{¶3} This court initially affirmed appellant's direct appeal of his conviction and sentence on October 22, 2012. *State v. Perry*, 11th Dist. Lake No. 2011-L-125, 2012-Ohio-4888 (*Perry I*). On March 28, 2013, however, this court granted appellant's motion to reopen his direct appeal on the sole issue of "whether appellate counsel was ineffective for failing to raise a violation of R.C. 2945.75(A)(2) in the prior appeal" regarding Count 14. *State v. Perry*, 11th Dist. Lake No. 2011-L-125, 2013-Ohio-5803 (*Perry II*), ¶1. R.C. 2945.75(A)(2) provides:

> When the presence of one or more additional elements makes an offense one of more serious degree: * * * A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶4} In our December 31, 2013 opinion on reopening, we held the trial court erred in convicting and sentencing appellant for the first-degree-felony version of Count 14 because the jury verdict forms contained neither the specific degree of the offense of engaging in a pattern of corrupt activity nor any finding of the presence of aggravating elements. *Perry II* at ¶6-7, citing R.C. 2945.75(A)(2) and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, ¶14. We remanded the case for the trial court to enter a conviction for the second-degree-felony version of Count 14 and to resentence appellant on that count. *Perry II* at ¶11.

2

{¶5} On March 26, 2014, in accord with our remand order, the trial court entered a conviction on the lesser-included offense of Count 14, pursuant to R.C. 2923.32(B)(1), and appellant was resentenced accordingly. Appellant's sentence on Count 14 was reduced from 9 years to 7 years; his cumulative total of imprisonment was thus reduced from 21 years to 19 years.

{¶6} Appellant timely appealed and asserts one assignment of error for our review:

{¶7} "The trial court erred by sentencing the Defendant-Appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record."

{¶8} Ohio's felony-sentencing scheme allows judges to exercise discretion within established statutory bounds. *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Despite having significant latitude, sentencing courts are required to follow statutory direction in choosing a prison term. *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, ¶10 (Lanzinger, J., dissenting).

{¶9} Appellant argues that the trial court failed to give "careful and substantial deliberation to the relevant statutory considerations" when sentencing appellant, as required by *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912.

{¶10} In *Kalish*, a plurality of the Ohio Supreme Court set forth a two-step analysis to use when reviewing felony sentences: (1) whether the trial court adhered to all applicable rules and statutes in imposing the sentence and (2) whether a sentence within the permissible statutory range constitutes an abuse of discretion. *Id.* at ¶17.

3

Subsequently, however, the Ohio General Assembly passed Am.Sub.H.B. No. 86 ("H.B. 86"). H.B. 86 reflects the General Assembly's intent that appellate review of sentences be governed by R.C. 2953.08(G).

{¶11} R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶12} Accordingly, this court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14.

{¶13} Initially, we note that our review is limited to the trial court's resentence of appellant on Count 14. The remainder of appellant's sentence remains affirmed by our decision in *Perry I*, *supra*, and any further review of that portion of the sentence is barred by the law of the case doctrine. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 4 (1984).

{¶14} A felony sentence should be reasonably calculated "to protect the public from future crime by the offender * * * and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an

4

unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a felony sentence is required to consider seriousness and recidivism factors found in R.C. 2929.12. However, it is well established that a trial court is "not required to make findings of fact under the seriousness and recidivism factors in R.C. 2929.12." *State v. ONeil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34.

{¶15} At appellant's resentencing hearing, the trial court stated, in relevant part, that it has "considered the overriding purposes of felony sentencing pursuant to 2929.11[,] * * * [and] the need for incapacitation, deterrence, rehabilitation, and restitution." The trial court further stated: "In using my discretion to determine the most effective way to comply with the purposes and principles of sentencing, I have considered all the recidivism factors set forth in Revised Code 2929.12."

{¶16} Additionally, in its judgment entry of resentence, the trial court stated:

> The Court has also considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

{¶17} Our review of the trial court record reveals the trial court considered the purposes and factors of felony sentencing in R.C. 2929.11 and R.C. 2929.12 before imposing appellant's resentence, within the statutory guidelines, on Count 14. Accordingly, we see no error with appellant's resentence.

{¶18} Within his brief on appeal, appellant argues that "[t]he state is expanding and abusing Ohio's version of the RICO Act [R.C. 2923.32] to pin extra time on defendants." Appellant asserts that the trial court abused its discretion by giving him

5

"seven more years in prison simply because a co-defendant helped him." This argument is not well taken. First, as stated above, felony sentencing is not reviewed on appeal for an abuse of discretion. *See* R.C. 2953.08(G). Second, appellant sets forth an apparent policy complaint about the statute under which he was convicted, asking this court to pass judgment on the applicability of R.C. 2923.32 to the facts of this case. However, appellant does not direct this court to any case law or other authority that supports his argument. *See* App.R. 16(A). Further, he has not appropriately framed this contention as an assignment of error or issue presented for our review. *Id.* Appellant's sole assignment of error relates to whether he was properly resentenced on Count 14 under R.C. 2923.32, and we hold there was no error.

{¶19} Appellant's assignment of error is without merit.

{¶20} The judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

6