[Cite as *Chandler v. Chandler*, 2017-Ohio-710.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| KEITH D. CHANDLER, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0046** |
| KRISTA D. CHANDLER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2010 DR 00066.

Judgment: Affirmed and remanded.

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Plaintiff-Appellant).

*John P. Laczko*, 3685 Stutz Drive, Suite 100, Canfield, OH 44406 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Keith D. Chandler, appeals from a judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, entered on July 19, 2016. For the following reasons, the judgment is affirmed and the matter is remanded to the trial court to issue a nunc pro tunc judgment entry.

{¶2} Appellant and appellee, Krista D. Chandler, were married in 2005 and have one child together. This matter originated in the trial court in 2010 as a divorce

proceeding between the parties. An initial child support order was set forth in May 2010; appellant was ordered to pay $779 per month. A hearing was held before the court in June 2011, and the parties entered into a Shared Parenting Plan wherein appellee was named the temporary residential parent and legal custodian. The Divorce Decree was not entered until May 9, 2012, at which time the parties stipulated to shared residential parent status. Appellant was ordered to pay $776.04 per month in child support. No objections were filed nor was an appeal perfected from this decree. Over the next few years, the parties filed multiple motions; various hearings were set and continued. Most of the contested matters involved requests for changes in child support and custody that were never fully resolved.

{¶3} Relevant to the case sub judice, the parties submitted an Amended Shared Parenting Plan in December 2015, which was approved by the trial court. The parties agreed to equal parenting time, but could not agree on child support. Thus, the plan provided that the trial court was to make the determination as to child support. A hearing was held on this issue before a magistrate on December 3, 2015.

{¶4} The magistrate's decision found there had been no change in parenting time from the date the divorce was decreed. The magistrate also found that appellant was voluntarily underemployed and, as a result, imputed income to him in the amount of $60,164. Adding this amount to appellant's income from VA benefits and his business, the magistrate calculated appellant's gross annual income on the Child Support Computation Worksheet to be $109,000. He determined appellee's annual gross income was $37,500. Appellant was ordered to pay child support in the amount of $1012.15 per month.

{¶5}   Appellant filed objections to the magistrate's decision, which were overruled.   The trial court approved the magistrate's decision on April 28, 2016. Following a limited remand from this court to address a final appealable order issue, the trial court reissued its judgment entry on July 19, 2016, which approved the magistrate's decision and set forth the specific amount of child support ordered.

{¶6}   Appellant asserts two assignments of error for our review from this entry:

[1.] The trial court's finding that the appellant was voluntarily unemployed [sic] was against the manifest weight of the evidence.

[2.] The trial court erred and abused its discretion in failing to grant a downward deviation in child support based upon the fact that the parties share equal parenting time.

{¶7}   R.C. 3119.02 provides, in pertinent part:

In any action in which a court child support order is issued or modified, * * * the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code. The court or agency shall specify the support obligation as a monthly amount due and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children. * * *

{¶8}   Here, the trial court approved an Amended Shared Parenting Plan submitted by the parties.   R.C. 3119.022 provides a Child Support Computation Worksheet the trial court is required to use when it "calculates the amount of child support to be paid pursuant to a child support order in a proceeding * * * in which the court issues a shared parenting order[.]"

{¶9}   Under his first assignment of error, appellant challenges the factual finding that appellant is voluntarily underemployed and the decision to impute income in the amount of $60,164 as being against the manifest weight of the evidence.

3

{¶10} To calculate the amount of child support owed, the trial court must first determine the annual income of each parent. *See* R.C. 3119.022. "Income" in a child support case is defined as either of the following: "(a) For a parent who is employed to full capacity, the gross income of the parent; (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01(C)(5).

{¶11} When a trial court determines a parent "is voluntarily unemployed or voluntarily underemployed," "potential income" includes imputed income. R.C. 3119.01(C)(11)(a). The income to be imputed by the trial court is the income the parent would have earned if fully employed as determined by the factors listed in R.C. 3119.01(C)(11)(a)(i)-(xi). *Hammonds v. Eggett*, 11th Dist. Geauga No. 2010-G-2980, 2011-Ohio-6510, ¶17. Those factors include the parent's prior employment experience; education; physical and mental disabilities, if any; the availability of employment and the prevailing wage and salary levels in the geographic area in which the parent resides; special skills and training; whether there is evidence that the parent has the ability to earn the imputed income; the age and special needs of the child; the parent's increased earning capacity because of experience; the parent's decreased earning capacity due to a felony conviction; and any other relevant factor. R.C. 3119.01(C)(11)(a).

{¶12} "Whether a parent is 'voluntarily underemployed' within the meaning of [the statute], and the amount of 'potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case." *Rock v. Cabral*, 67 Ohio St.3d 108 (1993), syllabus (referring to the analogous provisions found in former R.C. 3113.215).

4

> Nothing in the statute requires proof that an obligor intended to evade a higher support obligation by not obtaining employment commensurate with education, qualifications and ability. The primary design and purpose of [the statute] are to protect and ensure the best interests of children. The parent's subjective motivations for being *voluntarily* unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation.

*Id.* at 111 (emphasis sic) (footnote omitted) (internal citation omitted).

{¶13} "'It is well established that an appellate court employs an abuse of discretion standard when reviewing matters concerning child support.'" *In re Cunningham*, 11th Dist. Trumbull No. 2008-T-0006, 2008-Ohio-3737, ¶26, quoting *Gordon v. Liberty*, 11th Dist. Portage No. 2004-P-0059, 2005-Ohio-2884, ¶14, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989); *see also Rock*, *supra*, at syllabus. A challenge to the manifest weight of the evidence, however, also requires a review of the evidence presented, including the reasonable inferences and the credibility of the witnesses, to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed. *Id.* at ¶41, citing *State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997); *see also Smith v. Smith,* 11th Dist. Geauga No. 2013-G-3126, 2013-Ohio-4101, ¶42, citing *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179.

{¶14} The magistrate held a hearing in December 2015 on the issue of child support. Appellant testified that he receives approximately $23,000 per year in VA benefits. He lost his job at Sims Buick where he earned approximately $109,000 in the year 2013. Appellant agreed this is proof that he has the current ability to earn that same amount. Appellant further testified that he started his own business, Storm Service Solutions LLC, in May or June of 2015 and only pays himself a draw of $500

5

per week (i.e., $26,000 per year). Appellant testified he only draws $500 per week because he is trying to build up the business and he "[doesn't] have, really, have that many bills." Appellant also testified, however, that his company employs 14 employees, some of which are paid more than himself. He further testified that the company purchased and/or makes payments on a 2016 Ford F150 truck ($45,000), a 2010 Ford F250 service van ($10,000), two 2015 Ford Fusions used by his sales people ($20,000 each), a 2015 one-ton diesel truck ($56,000), and a 2008 Ford Ranger truck ($10,000), which the company then gifted to his father; the company leases a commercial property for $1500/month; and the company makes monthly insurance premiums in the amount of $2500/month. The record also reflects the company purchased a four-wheeler in the amount of $1500.

**{¶15}** Here, the magistrate found that appellant is voluntarily underemployed based on his testimony that he has the current ability to earn at least $109,000 annually but that he has elected to defer his own income while he is building his business. Thus, the magistrate imputed income to appellant in the amount of $60,164. Added to the $26,000 annual income from his business and the $22,836 annual VA benefits, this resulted in an annual gross income of $109,000 on the Child Support Computation Worksheet.

**{¶16}** Considering the testimony outlined above, the magistrate's finding that appellant is voluntarily underemployed is not against the manifest weight of the evidence. Based on appellant's prior employment experience and evidence that he has the ability to earn the imputed income, we cannot say the trial court abused its

6

discretion in imputing $60,164 to appellant for purposes of calculating his child support obligation.

{¶17} Appellant's first assignment of error is without merit.

{¶18} Under his second assignment of error, appellant argues the trial court erred by not granting a downward deviation of his child support obligation, even though the parties share equal parenting time. Appellant concedes the parties have shared equal parenting time since the divorce decree was entered in 2012 and that his parenting time has not increased since then. He asserts, however, that the trial court should have considered "extended parenting time" when it issued the current child support order because the parties did not share equal parenting time at the time they entered into the original Shared Parenting Plan.

> {¶19} Under R.C. 3119.22, the court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if the court determines that the actual annual obligation would be unjust or inappropriate and would not be in the child's best interest. In making this determination, the court must consider the factors set forth in R.C. 3119.23.

*Owais v. Costandinidis*, 2d Dist. Greene No. 2007 CA 89, 2008-Ohio-1615, ¶41. One such factor is "[e]xtended parenting time or extraordinary costs associated with parenting time[.]" R.C. 3119.23(D).

{¶20} "The decision to deviate from the actual annual obligation is discretionary and will not be reversed absent an abuse of discretion." *Owais*, *supra*, at ¶41; *see also Holt v. Holt*, 11th Dist. Trumbull No. 2002-T-0147, 2004-Ohio-4536, ¶9-11.

{¶21} Here, the trial court determined that the Amended Shared Parenting Plan did not significantly alter the parenting time provided for in the original Shared Parenting

7

Plan.  Appellant also concedes that his parenting time has not increased since 2012 when the Divorce Decree was entered and child support was set at $776.04.  Further, appellant's gross annual income, including the imputed income affirmed above, is significantly greater than appellee's.  Nothing in the record indicates that the failure to grant a downward deviation to appellant's child support obligation was not in the child's best interest.  Thus, we cannot say the trial court abused its discretion in this regard.

{¶22}  Notwithstanding the foregoing conclusion, we find a limited remand is necessary.  Appellant contends the magistrate mistakenly designated appellee as the sole residential parent and legal custodian on the Child Support Computation Worksheet.

{¶23}  The trial court approved the Amended Shared Parenting Plan submitted by the parties.  That plan sets forth the parties' agreement that they will share parenting of their child in all respects.  On the Child Support Computation Worksheet, the magistrate checked the box for "Mother" as the residential parent and legal custodian, instead of checking the box indicating "Shared."

{¶24}  "[I]n a shared parenting arrangement, neither party is a nonresidential parent.  Instead, under R.C. 3109.04[(L)(6)], both parents are considered residential parents at all times." *Pauly v. Pauly*, 80 Ohio St.3d 386, 388 (1997).  Thus, it appears the magistrate should have checked the box to indicate the parties share the designation of residential parent and legal custodian.

{¶25}  Based on the reasoning set forth above, appellant's second assignment of error is overruled insofar as he challenges the trial court's decision not to make a downward deviation in his child support obligation.  The assignment of error is

8

sustained, however, insofar as it calls into question the designation of residential parent and legal custodian. The cause will be remanded for the trial court to issue a nunc pro tunc entry correcting the designation of residential parent and legal custodian on Exhibit B, the Child Support Computation Worksheet, of the trial court's judgment entry.

{¶26} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed. The matter is remanded for further proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.