[Cite as *Radmore v. Bender*, 2025-Ohio-4633.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

JOSEPH RADMORE,

        Plaintiff-Appellee,

- vs -

JAMES BENDER, et al.,

        Defendants-Appellants.

CASE NO. 2025-L-027

Civil Appeal from the
Painesville Municipal Court

Trial Court No. 2023 CVF 01432

## OPINION AND JUDGMENT ENTRY

Decided: October 6, 2025
Judgment: Affirmed

*Cory R. Hinton*, Hanahan & Hinton, L.L.C., 7351 Center Street, Suite 1, Mentor, OH 44060 (For Plaintiff-Appellee).

*Erik L. Walter*, Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Defendants-Appellants).

EUGENE A. LUCCI, J.

{¶1}    Appellants, James Bender and James Bender d.b.a. Hilltop Renovations ("Bender"), Tina Bender ("Bender's mother"), and Ronald Bender ("Bender's father"), appeal the judgment of the trial court which adopted in part, and modified in part, a magistrate's decision, entered monetary judgment in favor of appellee, Joseph Radmore, on his complaint, and entered judgment in favor of Radmore the counterclaims of Bender, Bender's mother, and Bender's father (collectively "the Benders"). We affirm.

{¶2}    In 2023, Radmore filed a complaint for breach of contract, negligence, unjust enrichment, and conversion against Bender, claiming that the parties had entered

into a contract for Bender to perform certain roofing work on Radmore's home, which was not completely or properly performed, and which resulted in damage to the property. Radmore further alleged that he had purchased materials for the work that Bender had retained and that Bender had removed personal property from Radmore's possession without his permission. With respect to Bender's mother and father, Radmore maintained that materials that Bender had retained relative to the contract were located at the residence owned by his parents, and his parents had been unjustly enriched by wrongfully retaining those items.

{¶3}    The Benders answered the complaint and asserted counterclaims for breach of contract and abuse of process.

{¶4}    The matter proceeded to trial before a magistrate. Prior to commencing trial, Radmore notified the magistrate that he was dismissing his claims against Bender's father. Following Radmore's case-in-chief, the magistrate dismissed Radmore's claims against Bender's mother.

{¶5}    On December 11, 2024, the magistrate issued a decision, concluding that Bender breached the contract with Radmore "by failing to perform work in a timely manner," and he "additionally failed to perform in a professional or workmanlike manner." The magistrate found that Radmore spent approximately $15,000 to complete the original job once he discharged Bender, but he received back $3,000 in trade through regaining possession of his motorcycles he had transferred to Bender pursuant to the parties' contract.[1] The magistrate further concluded that Bender failed to prove the causes set forth in his counterclaims. As a result, the magistrate determined that judgment should be

---

1. Prior to trial, the parties had agreed to limit their requests for damages to $15,000, the jurisdictional limit of the municipal court.

Case No. 2025-L-027

entered in favor of Radmore in the amount of $12,000 and that Bender's counterclaims should be dismissed.

{¶6} Bender timely objected to the magistrate's decision.

{¶7} In a judgment entry dated February 12, 2025, the trial court adopted the magistrate's decision except as to the amount of damages, which it modified to $8,700. The trial court issued judgment for Radmore in this amount "on his complaint" and entered judgment in favor of Radmore on Bender's counterclaims.

{¶8} Bender appeals, assigning ten errors for our review.

{¶9} Initially, we note that this court generally reviews a trial court's action on a magistrate's decision for an abuse of discretion. *Banks v. Shark Auto Sales LLC,* 2022-Ohio-3489, ¶ 7 (11th Dist.). "An abuse of discretion is the trial court's '"failure to exercise sound, reasonable, and legal decision-making."'" *Hays v. Young*, 2024-Ohio-3149, ¶ 25 (11th Dist.), quoting *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶10} Where Bender's assigned errors implicate different standards of review, we address such standards within our discussion of the applicable assigned errors.

{¶11} In his first assigned error, Bender argues:

{¶12} "The Magistrate and the Trial Court Erred in Approaching the Case as a Small Claims Case."

{¶13} In the magistrate's decision, it initially referenced this case twice as a "small claims" action. However, there is no dispute that this was not a small claims action.

{¶14} Bender maintains that he was prejudiced by the apparent belief of the magistrate, and possibly the trial court, that this case was a small claims action because

the magistrate and the trial court applied lower evidentiary thresholds applicable to small claims actions. *See* Evid.R. 101(D)(8) (The Ohio Rules of Evidence do not apply in proceedings in the small claims division of a municipal court.).

{¶15} However, a review of the transcript indicates that the magistrate applied the Rules of Evidence. Further, aside from the two references in the magistrate's decision, there is no indication that the magistrate or the trial court believed this case to be in the small claims division of the court. *See* R.C. 1925.02 (small claims divisions have jurisdiction in civil actions, aside from those excluded, for recovery of monetary damages in amounts not exceeding $6,000).

{¶16} Accordingly, the first assigned error lacks merit.

{¶17} In the second assigned error, Bender maintains:

{¶18} "The Magistrate and the Trial Court Erred in Failing to Address Appellants' Oral Motion to Amend Their Counterclaim."

{¶19} At the magistrate's hearing, the testimony established that Radmore had initially paid Bender $11,000 in cash and $3,000 in trade toward the agreed price of $17,800 for Bender to complete certain work on Radmore's home. The trade involved Radmore transferring possession of two motorcycles to Bender. After problems arose in the parties' relationship, Radmore terminated Bender from the job and filed a police report on June 23, 2023. It is undisputed that Radmore regained possession of the motorcycles thereafter.

{¶20} During closing argument, Bender's counsel orally moved to amend the counterclaim to conform to the evidence to include a claim for conversion of the

motorcycles. The magistrate did not explicitly rule on the motion in his decision, nor did the trial court reference the motion in its judgment entry.

{¶21} Civ.R. 15(B) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

{¶22} "[T]he decision to grant or deny a motion to amend pleadings to conform to the evidence is within the sound discretion of the trial court." *Adkins v. Thompson*, 1999 WL 689750, *2 (11th Dist. Aug. 20, 1999). Accordingly, as with a trial court's action on a magistrate's decision, we will not reverse the denial of a motion to amend the pleadings to conform to the evidence absent an abuse of discretion.

{¶23} Here, neither the magistrate nor the trial court explicitly ruled on Bender's motion. Accordingly, we presume the motion to amend the counterclaim to include a claim for conversion was implicitly overruled. *See Savage v. Cody-Ziegler, Inc.*, 2006-Ohio-2760, ¶ 25, 28 (4th Dist.) ("motions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment").

Case No. 2025-L-027

{¶24} "'[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his [or her] possession under a claim inconsistent with his [or her] rights.'" (Bracketed text in original.) *Holman v. Wiser*, 2023-Ohio-4095, ¶ 43 (11th Dist.), quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). "'The elements of conversion are: (1) the plaintiff's ownership and right to possess the property at the time of the conversion; (2) the defendant's conversion by wrongful act of plaintiff's property rights; and (3) damages." *Holman* at ¶ 43 (11th Dist.), quoting *Martin v. MAHR Machine Rebuilding, Inc.*, 2017-Ohio-1101, ¶ 13 (11th Dist.).

{¶25} Here, scant testimony was elicited at trial regarding the circumstances surrounding Radmore regaining possession of the motorcycles. During his testimony, Bender indicated that Radmore took back the motorcycles because "he wanted them back." During Bender's mother's testimony, she maintained that the motorcycles were brought to her house, but "James returned those [to] Mr. Radmore." We cannot discern any evidence tending to show that Radmore engaged in a "wrongful act" when regaining possession of the motorcycles.

{¶26} As there was no evidence presented as to this element of a conversion claim, we cannot say that the trial court's implicit denial of the motion to amend the counterclaim constituted an abuse of discretion.

{¶27} Accordingly, Bender's second assigned error is overruled.

{¶28} In his third, fourth, and ninth assigned errors, which we address together, Bender argues:

> [3.] The Magistrate and the Trial Court Erred in Three Findings
> of Fact that Appeared to Skew the Final Award.

Case No. 2025-L-027

[4.] The Magistrate and the Trial Court Erred in Awarding Appellee Damages as Appellee failed to Prove Damages as to His Breach of Contract Claim.

[9.] The Magistrate and the Trial Court Erred in Dismissing Appellant James Bender's Breach of Contract Claim.

{¶29} Bender maintains that the trial court erred in "rely[ing]" on three "skewed" findings in entering judgment in favor of Radmore on his breach of contract claim, and he claims that the trial court erred in entering judgment for Radmore on Bender's breach of contract counterclaim. These assigned errors appear to challenge the weight of the evidence.

{¶30} As set forth above, "'generally an abuse of discretion standard is applied to an appeal from a trial court's judgment adopting a magistrate's decision[,] . . . [h]owever, in cases involving the weighing of facts, this court has applied a manifest weight of the evidence standard.'" *Butera v. Beesler*, 2023-Ohio-2257, ¶ 19 (11th Dist.), quoting *Barnosky v. Barnosky*, 2022-Ohio-2928, ¶ 12, citing *Koller v. Zellman*, 2018-Ohio-2463, ¶ 31.

{¶31} "A challenge to the manifest weight of the evidence requires an appellate court to review the evidence presented 'including the reasonable inferences and the credibility of the witnesses, to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed.'" *Straight v. Straight*, 2020-Ohio-4692, ¶ 24 (11th Dist.), quoting *Chandler v. Chandler*, 2017-Ohio-710, ¶ 13 (11th Dist.), citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 20. "The weight to be given evidence and witness credibility are primarily for the trier of fact." (Citation omitted.) *Straight* at ¶ 25. "The trier of fact is free to believe all, part, or none of a witness'[ ] testimony." (Citation omitted.) *Id.*

Case No. 2025-L-027

{¶32}  In his third assigned error, Bender first challenges the finding that the parties agreed that Bender was to commence work within one week and complete it within two weeks. In support, he maintains that the written contract is silent as to when work was to commence and to be completed. Bender relies on the written contract's silence as to when the work would be completed in his fourth and ninth assigned errors.  Under those alleged errors, Bender maintains that the trial court erred in finding for Radmore on Bender's breach of contract counterclaim because the evidence established that Radmore breached the contract by removing Bender from the job approximately three weeks after he commenced work and prior to the work being completed.

{¶33}  Although nothing in the written contract specifies a start and finish date for the repair work on which the parties agreed, Radmore testified that Bender assured him that the work would be finished within two weeks of the contract date, May 31, 2023. During Bender's testimony, he acknowledged that he and Radmore had discussed a timeframe for the project, and he informed Radmore that the project would be completed in "[l]ike two weeks, but I didn't know until we got going." Radmore dismissed Bender from the job on June 23, 2023.

{¶34}  Based on the foregoing, the trial court did not err in relying on the magistrate's finding that the parties agreed that the work would be completed within two weeks. Although this may not have been a term of the written contract, Radmore's testimony supported that this was part of the parties' agreement, and the magistrate was in the best position to judge the credibility of the witnesses. Accordingly, the finding that the parties agreed that the job would be completed within two weeks is not against the

Case No. 2025-L-027

weight of the evidence.[2] Therefore, the evidence established that Bender was in breach of the contract at the time that Radmore removed him from the job on June 23, 2023.

{¶35} Bender further contends in his third assigned error that the trial court erred in relying on the testimony of lay witnesses as to the proper installation of roofing.

{¶36} At trial, Radmore and several of his witnesses testified as to their observations of the repair work. Radmore indicated that, during the course of Bender's work on his home, it rained on three occasions, and each time, water leaked into his home in locations where the roof had not previously been leaking. Radmore informed Bender that "we need to wrap this up. We need to seal this." Bender informed Radmore that he would "take care of it," but the leaks continued. Radmore also testified that portions of the metal roofing that had been installed had silicone-filled screw holes. Radmore and his witnesses also testified that portions of metal roofing had been installed in pieces that did not align.

{¶37} At certain points during the witnesses' testimony, Bender objected to witnesses testifying as to whether the roofing and associated materials were installed correctly, and the magistrate limited the witnesses to testifying as to their observations.

{¶38} Thus, it does not appear that the magistrate gave undue weight to the observations of lay witnesses. Bender has not established that the findings regarding the extent and nature of Bender's work were against the weight of the evidence.

---

2. To the extent that Bender's argument suggests that the parol evidence rule barred consideration of terms outside of the written contract, he does not develop an argument on this point. Instead, the entirety of his argument in support of his position that the trial court erred in "rely[ing]" on this "skewed" finding consists of the following statement: "nowhere in the contract does it say that work was to begin in seven days of execution of the contract or be completed in two weeks from the contract signing."

Case No. 2025-L-027

{¶39} Next, in his third assigned error, Bender maintains that Radmore did not provide "evidentiary proof of damages" on which the trial court could have relied. However, during the trial, Radmore testified as to amounts he paid to complete the roofing work, and he submitted an invoice in support of a substantial amount of the work, which we further address in our discussion of Bender's fifth assigned error.

{¶40} This is not the extraordinary case where the evidence weighs heavily against the judgment in favor of Radmore and against Bender on their competing breach of contract claims.

{¶41} Accordingly, Bender's third, fourth, and ninth assigned errors lack merit.

{¶42} In his fifth assigned error, Bender maintains:

{¶43} "The Magistrate and the Trial Court Erred as Appellee Laid No Foundation for the Entry of the Invoice for Alleged Repairs."

{¶44} Bender argues that Radmore failed to lay a proper foundation for the admission into evidence of Radmore's Exhibit 4D, consisting of an invoice from A-M Construction, and thus the trial court erred in considering the invoice in determining damages.

{¶45} During the trial before the magistrate, Radmore testified that he paid an individual $14,000 to $15,000 for repairs to the roof following his removal of Bender from the job. Radmore's attorney presented Exhibit 4D to him and asked Radmore if that was the invoice that he had paid. He said this was the invoice, and "it's in detail here on what he did." The invoice lists work totaling $13,800. Bender did not object to Exhibit 4D at that time. After Radmore rested subject to admission of his exhibits, Bender's counsel objected to admission of Exhibit 4D:

[COUNSEL FOR BENDER]: 4D, no one was here from A&M Construction to testify. There was no foundation. There's no verification that this is an authentic document, and I would ask that it be stricken.

THE COURT: What do you say to that, [counsel for Radmore]?

[COUNSEL FOR RADMORE]: Mr. Radmore testified as to that, that that's the invoice he paid to A&M. They wouldn't have to be here to acknowledge that.

THE COURT: I'm going to let it in.

{¶46} "When a party fails to contemporaneously object to the testimony and identification of an introduced exhibit, and only later objects, after the close of evidence when the exhibit is being admitted into evidence, he forfeits the matter for review on appeal." (Citations omitted.) *Falah v. Falah*, 2021-Ohio-4348, ¶ 12 (9th Dist.). As the Ninth District has explained:

> "Indeed, '[t]he contemporaneous objection rule is fundamental to our jurisprudence.'" *Condon v. Rockich*, [2018-Ohio-71, ¶ 17 (9th Dist.)], quoting *In re M.B.*, [2012-Ohio-5428, ¶ 11 (9th Dist.)], quoting *Steward v. Norris Bros. Co., Inc.*, [1988 WL 32117, *1 (8th Dist.] Mar. 17, 1988). "'The rule serves the interest of justice because it allows for the correction of many defects while they are readily curable, as well as it encourages the elimination of delay and the unnecessary use of the appellate process.'" [*Condon* at ¶ 17], quoting *In re M.B.* at ¶ 11. Moreover, . . . "'[t]he filing of a written objection to the decision of a magistrate is not a substitute for the obligation to object to a purported error at the time of its occurrence.'" [*Condon* at ¶ 17], quoting *In re M.B.* at ¶ 11. In this case, any purported errors with [the exhibit at issue] could have been easily corrected had an objection been timely made. *See id.*

{¶47} Because Bender did not object contemporaneously with the identification of Exhibit 4D at trial, he has forfeited his argument regarding admission of this exhibit on appeal. Although this court may entertain a plain error argument with respect to forfeited

Case No. 2025-L-027

errors, Bender has not raised a plain error argument with respect to the admission of Exhibit 4D.

{¶48} Accordingly, Bender's fifth assigned error lacks merit.

{¶49} In his sixth, seventh, and eighth assigned errors, Bender argues:

> [6.] The Magistrate and the Trial Court Erred in Allowing Appellee to Maintain an Action for Negligence.
>
> [7.] The Magistrate and the Trial Court Erred as Appellee Could Not Maintain a Claim for Unjust Enrichment.
>
> [8.] The Magistrate and the Trial Court Erred as Appellee Could Not Maintain a Claim for Conversion.

{¶50} Bender maintains that because it is unclear how damages were calculated, and because none of Radmore's claims were explicitly dismissed, it is appropriate to assume that the trial court granted Radmore damages on the negligence and unjust enrichment claims. Bender maintains that a party may not recover on negligence or unjust enrichment claims where the damages resulted from a breach of contract. Bender further maintains that Radmore failed to prove that Bender converted any of his property to support his claim for conversion.

{¶51} However, as set forth in our recitation of the procedural history, the magistrate concluded that "Bender breached his contract with plaintiff by failing to perform work in a timely manner and additionally failed to perform in a professional or workmanlike manner." The magistrate then determined that Radmore was entitled to damages in the amount of $12,000, which was later modified by the trial court to $8,700.

{¶52} Accordingly, we conclude that the trial court did not award judgment based on negligence, unjust enrichment, or conversion, but, instead, entered judgment for Radmore "on his complaint" solely on his breach of contract claim.

Case No. 2025-L-027

{¶53} As the premise underlying the sixth, seventh, and eighth assigned errors is flawed, these assigned errors lack merit.

{¶54} In the tenth assigned error, the Benders argue:

{¶55} "The Magistrate and the Trial Court Erred in Denying Appellants' Abuse of Process of Claims[.]"

{¶56} In this assigned error, the Benders appear to argue that the weight of the evidence supported judgment on their abuse of process counterclaims. As set forth in our discussion of Bender's third, fourth, and ninth assigned errors, "A challenge to the manifest weight of the evidence requires an appellate court to review the evidence presented 'including the reasonable inferences and the credibility of the witnesses, to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed.'" *Straight*, 2020-Ohio-4692, at ¶ 24 (11th Dist.), quoting *Chandler*, 2017-Ohio-710, at ¶ 13 (11th Dist.), citing *Eastley* 2012-Ohio-2179, at ¶ 20.

{¶57} "'To succeed on an abuse of process claim, a plaintiff must establish: (1) a legal proceeding has been set in motion in proper form with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.'" *Capital One Bank (USA), NA v. Reese*, 2015-Ohio-4023, ¶ 68 (11th Dist.), quoting *Hrivnak v. NCO Portfolio Mgt.*, 994 F.Supp.2d 889, 902 (N.D.Ohio 2014), citing *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298, 1994-Ohio-503. ""Abuse of process occurs where someone attempts to achieve through use of the

court that which the court is itself powerless to order."'" *Reese* at ¶ 68, quoting *Hrivnak* at 902, quoting *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 271 (1996).

{¶58} As set forth above, Radmore named Bender's mother and father as defendants and alleged that they wrongfully retained products purchased for the roof repairs at the residence that they owned. Just prior to the commencement of trial, Radmore voluntarily dismissed his claim against Bender's father, and the magistrate dismissed the claim against Bender's mother on her motion after Radmore presented his case-in-chief.

{¶59} The Benders contend that the trial court erred in finding for Radmore on the Benders' abuse of process counterclaims because there was no basis to bring the claims against Bender's parents and there was an insufficient basis to allege conversion against Bender.

{¶60} However, as addressed above, the first element of an abuse of process claim requires the proponent of the claim to establish a legal proceeding was set in motion in proper form *with probable cause*. *Yaklevich*, 68 Ohio St.3d at 297 (comparing the elements of malicious prosecution with those of abuse of process claims).

{¶61} Further, the Benders did not present evidence that Radmore had an ulterior motive in naming Bender's parents as defendants in order to obtain something that the court was without power to award. Instead, it appears that Radmore sought monetary damages for the materials he believed were wrongfully retained by the Benders. The trial court was not powerless to award monetary damages. *See Reese*, 2015-Ohio-4023, at ¶ 71 (11th Dist.) (abuse of process claim lacked basis where motive was to obtain money, as court was not powerless to issue a monetary judgment); *see also Havens-Tobias v.*

*Eagle*, 2003-Ohio-1561, ¶ 24 (2d Dist.). Thus, the trial court's judgment in favor of Radmore on the Benders' counterclaims for abuse of process was not against the weight of the evidence.

{¶62} The Benders' tenth assigned error lacks merit.

{¶63} The judgment is affirmed.

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-027

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellants' assignments of error lack merit. It is the judgment and order of this court that the judgment of the Painesville Municipal Court is affirmed.

Costs to be taxed against appellants.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.